# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TONY GOODMAN, | : | CIVIL ACTION NO. |
| ID # 66708019, | : | 1:15-CV-01724-TWT-JSA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLAN McLEOD, Special Agent, | : | PRISONER CIVIL ACTION |
| JOHN DOES 1 & 2, Special Agents, | : | 28 U.S.C. § 1331 |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S ORDER AND
## NON-FINAL REPORT AND RECOMMENDATION

The Court has allowed Plaintiff's excessive force claims to proceed against the above three Defendants.  Plaintiff has filed a Motion For A Injunction (Doc. 30), seeking access to his "medical prescribed electronic wheelchair" (*id.* at 4).  But the parties from whom Plaintiff seeks injunctive relief have been dismissed from this action.  (*See* Docs. 12, 16).  And the Court previously denied Plaintiff's identical motion for injunctive relief.  (*See* Docs. 11, 18, 38).  This renewed motion should be denied as well.

Plaintiff also has filed a combined Motion For A T.R.O. And/Or A Injunction (Doc. 33) and Motion For The Appointment of Counsel (Doc. 33), seeking both appointment of counsel and access to copy services and "writing paper, envelopes, law

books, legal materials, research time, court[] addresses, notary services, mailing stamps and/or postage for use in preparing legal cases" (*id.* at 3). He alleges that the law library at his place of incarceration, the Robert A. Dayton Detention Facility ("Facility"), is not wheelchair-accessible and that on September 24, 2015, the librarian "rejected his requests to have copies made." (*Id.* at 2).

To date, Plaintiff has presented his claims adequately, and the Court does not find that the facts or issues in this case are so complex as to warrant appointment of counsel.[1]  *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (noting that appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner" (internal quotations omitted)); *see*

---

[1] It appears that Plaintiff was either an arrestee or a pretrial detainee when the Defendants allegedly used excessive force against him. To prevail in this action, Plaintiff must establish that the Defendants' actions were objectively unreasonable. *See Mobley v. Palm Beach Cnty. Sheriff Dep't*, 783 F.3d 1347, 1353 (11th Cir. 2015) ("[T]he typical arrest involves some force and injury. We judge excessive force claims under the Fourth Amendment's objective reasonableness standard. That standard asks whether the force applied is objectively reasonable in light of the facts confronting the officer, a determination we make from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight." (citations and internal quotations omitted)); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015) ("The question before us is whether, to prove an excessive force claim, a pretrial detainee must show that the officers were subjectively aware that their use of force was unreasonable, or only that the officers' use of that force was objectively unreasonable. We conclude that the latter standard is the correct one.").

*also Smith v. Warden, Hardee Corr. Inst.*, 597 Fed. Appx. 1027, 1030 (11th Cir. 2015) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and finding no abuse of discretion in district court's denial of prisoner's motion for appointment of counsel); *Poole*, 819 F.2d at 1028 (applying the same principles noted in *Kilgo* to a "prisoner pursuing a section 1983 action, [who] has no absolute constitutional right to the appointment of counsel").

Plaintiff is nevertheless entitled to access to legal research materials and/or other resources to enable him to prosecute his claims *pro se*. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff alleges that he has not been provided with either resource.

It is within the Court's discretion, in aid of its jurisdiction, to order the Facility Warden to allow Plaintiff access to legal materials so that he may prosecute this action. Although the All Writs Act, 28 U.S.C. § 1651, "creates no jurisdiction," it empowers a federal district court to issue "all writs necessary or appropriate in aid of" its "jurisdiction previously acquired on some other independent ground." *Brittingham v.*

3

*Comm'r*, 451 F.2d 315, 317 (5th Cir. 1971); *see Burr & Forman v. Blair*, 470 F.3d 1019, 1026-27 (11th Cir. 2006) ("The power to issue writs under the [All Writs] Act is not circumscribed by the identity of the parties immediately before the court; at the court's discretion, writs may be issued to third parties who are in a position to frustrate a court's administration of its jurisdiction." (citing *Brittingham*)). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. The All Writs Act allows courts to safeguard . . . ongoing proceedings . . . ." *Laosebikan v. Coca-Cola Co.*, 415 Fed. Appx. 211, 214-15 (11th Cir. 2011) (citation and internal quotations omitted).

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion For A Injunction (Doc. 30) and Motion For The Appointment of Counsel be **DENIED**.[2]

And **IT IS ORDERED** that the Facility Warden respond **within 21 days** to Plaintiff's allegations that he has been denied access to the law library, legal research materials, copy services and other resources that he requires to be able to prosecute his excessive force claims in this Court.

---

[2]The Clerk is **DIRECTED** to docket Plaintiff's Motion For The Appointment Of Counsel, currently part of Doc. 33, as a separate pleading, which the Court may then deny without ruling on Plaintiff's Motion For A T.R.O. And/Or A Injunction. (*See* Doc. 33).

Finally, it appears that Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") on appeal. (Doc. 37). The Court denied Plaintiff's first application for such leave (*see* Docs. 27, 39), and **IT IS RECOMMENDED** that his renewed application (Doc. 37) also be **DENIED**.[3]

The Clerk is **DIRECTED** to send a copy of this Order to the parties and to the Warden of the Robert A. Dayton Detention Facility.

**SO RECOMMENDED and ORDERED** this 17th day of November, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[3]To the extent that Plaintiff seeks leave to proceed IFP in *this* action, leave is not required because Plaintiff has already paid the filing and administrative fees in full. (*See* Docket Entry for Doc. 1).

AO 72A
(Rev.8/82)