**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TONY GOODMAN, | : | CIVIL ACTION NO. |
| ID # 66708019, | : | 1:15-CV-01724-TWT-JSA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLAN McLEOD, Special Agent, et al., | : | PRISONER CIVIL ACTION |
|     Defendants. | : | 28 U.S.C. § 1331 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 1, 2015, Plaintiff filed a Motion For A T.R.O. And/Or A Injunction (Doc. 33), seeking access to copy services and "writing paper, envelopes, law books, legal materials, research time, court[] addresses, notary services, mailing stamps and/or postage for use in preparing legal cases" (*id.* at 3). He alleged that the law library at the Robert A. Dayton Detention Facility ("Facility") is not wheelchair-accessible and that on September 24, 2015, the librarian "rejected his requests to have copies made." (*Id.* at 2). Because Plaintiff is entitled to access to legal research materials and/or other resources to enable him to prosecute his claims in this action *pro se* — and it is within the Court's discretion, in aid of its jurisdiction, to order the Facility Warden to allow Plaintiff access to legal materials, if such access is being denied — on November 17, 2015, the Court ordered the Facility Warden to respond to Plaintiff's allegations.

(Doc. 42 at 3-4).

On December 8, 2015, a Tuesday, the Warden responded as follows. Plaintiff has the opportunity to visit the Facility law library for one hour every Thursday morning. (Doc. 45 at 2). From September 15, 2015, when Plaintiff's claims against three United States law enforcement officers were allowed to proceed in this case (*see* Docs. 12, 16), through December 7, 2015, Plaintiff visited the law library three times, each time on a Thursday — September 24, October 1 and October 29. (Doc. 45 at 2). Plaintiff did not visit the library on any other Thursday during this period, although "he was not denied access" by Facility officials on those dates. (*Id.* at 3). And although a detainee may request additional access to the law library, Plaintiff "made no request to [use] the library on a date other than his scheduled day" during this period. (*Id.*). Based on the affidavit of the Law Librarian, Ms. Neal (*see* Doc. 45 at 9-13), the Warden states that the Facility library is wheelchair-accessible, as is a computer room in the library. (*Id.* at 3-4 (noting that Ms. Neal has observed Plaintiff in the library, where he "usually pulls up to one of the tables," and from where "he is provided with assistance as needed, including the assistance to retrieve books from the shelves")).

The Warden explains that Plaintiff was denied copies on September 24, 2015 because a detainee must pre-pay for copies from the funds in his inmate account unless

2

his account balance has been less than $1.00 for seven consecutive days, in which case he is considered indigent and can receive free copies. (*Id.* at 4). On September 24, Plaintiff could not be considered indigent but he also did not have enough funds in his account to pay for the copies he requested, so "he could [neither] purchase [copies n]or obtain free copies that day." (*Id.*).

> In fact, the evidence shows that [Plaintiff] was afforded access to copies. [He] purchased copies on September 18, 2015, which depleted his balance in his Resident Account. He also purchased copies on other dates, including August 28, 2015. Only on September 24, 2015 did Ms. Neal decline making the copies for [him] in compliance with [Facility] policy. [Plaintiff] was not at any other time denied access to legal materials while he was in the library.

(*Id.* at 5).

Having reviewed Plaintiff's Resident Account Summary from August 10 to December 7, 2015, the Warden notes that Plaintiff purchased postage several times during this period, including on August 11, 12, and 24, October 30, and December 2. (*Id.*; *see id.* at 27). The Warden also notes that

> detainees may purchase legal items, such as envelopes, paper and pens from the commissary[, and if the detainee] is indigent, the commissary [will] give these items to [him]. Given the number of pleadings [Plaintiff] has filed in this matter, it is readily apparent that he has access to paper, pens, copies and postage. To assert otherwise in light of his filings is misleading.

3

(*Id.* at 5-6 (citation omitted)).

Plaintiff has responded that on December 14 he requested notary and copy services, and although he received notary service on December 17, when the Facility Chaplain "came down to the housing unit [] and notarized a legal form for" him, as of December 21, Ms. Neal had "again refused to make copies for" him. (Doc. 51 at 2).

Although it is no doubt an inconvenience for Plaintiff to be required to wait to receive copies for up to seven days, until either he is deemed indigent under Facility policy or he receives enough money in his inmate account to pay for copies, it does not appear that any such delay has meaningfully restricted Plaintiff's access to the Court in this case, as is evident from his prolific filings. (*See* Docs. 1, 3-11, 14-15, 20, 26-27, 29-30, 33, 41, 44, 51). The undersigned concludes, based on the undisputed evidence before it, that Plaintiff has adequate access to the legal materials in the Facility's law library and to the other services he requires to prosecute this case *pro se*.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion For A T.R.O. And/Or A Injunction (Doc. 33), regarding the alleged denial of his access to legal

AO 72A
(Rev.8/82)

materials and to this Court, be **DENIED**.

**SO RECOMMENDED** this 20th day of January, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE