IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY GOODMAN, | : | CIVIL ACTION NO. |
| ID # 66708-019, | : | 1:15-CV-01724-TWT-JSA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLAN McLEOD, Special Agent, | : | PRISONER CIVIL ACTION |
| JOHN DOES 1 & 2, Special Agents, | : | 28 U.S.C. § 1331 |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, who is wheelchair-bound, was arrested at his home on March 18, 2015. (*See* Docs. 1; 12 at 4-5; 77-1). Plaintiff claims that Agent McLeod, the sole named Defendant — a "Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives ('ATF')" (Doc. 77-1 ¶ 1) — participated in a vicious beating Plaintiff sustained on the day of his arrest. (*See* Docs. 1, 12). Defendant McLeod ("Defendant") moves for summary judgment. (Doc. 77).

## I.   Plaintiff's Complaint

Plaintiff declares "under penalty of perjury" that the contents of his complaint are "true and correct" (Doc. 1 at 5), including the following:

> Agent McLeod and two John Doe agents pulled [Plaintiff] "down three (3) steps" while he was in his wheelchair and then "punched, kicked, kneed, choked and body slammed him maliciously and sadistically and

> without any provocation," causing him "thoracic back pain, abdominal pain, anterior wedge compression deformity of T6 vertebral body, head pains and other injuries requiring medical treatment." (Doc. 1 at 10).

(Doc. 12 at 4-5 (citation altered)). Plaintiff presents the same factual allegations in the affidavit that he has filed in response to Defendant's summary judgment motion, certifying the allegations therein "under penalty of perjury pursuant to 28 U.S.C. § 1746" as "true and correct to the best of [his] knowledge and belief." (Doc. 81-7).

## II.   Summary Judgment Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[Former] Rule 56(c) [now Rule 56(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When considering a summary judgment motion, a court must "view the evidence and all factual inferences therefrom in the light most favorable" to the non-movant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are implausible."

2

*Cuesta v. Sch. Bd. of Miami-Dade Cnty.*, 285 F.3d 962, 970 (11th Cir. 2002) (internal quotations omitted). And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

The movant bears the initial burden of demonstrating that summary judgment is warranted. *Apcoa, Inc. v. Fidelity Nat'l Bank*, 906 F.2d 610, 611 (11th Cir. 1990). The movant may do so by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant has properly supported the summary judgment motion, the non-movant then must "come forward with specific facts showing that there is a *genuine issue for trial*," i.e., that the evidence is sufficient to support a jury verdict in the non-movant's favor. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (internal quotations omitted); *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (stating that "non-moving party must come forward with *significant, probative evidence*"

3

(emphasis added)). "[C]onclusory assertions . . . [without] supporting evidence are insufficient to withstand summary judgment." *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

### III. <u>Factual Background</u>

Defendant sets forth as undisputed the following facts:

3. Beginning in the fall of 2014, [Defendant] was assigned as the case agent for Operation Southbound and Down, a five-month investigation into the illegal sale of firearms and narcotics in Griffin, Georgia.

5. On March 18, 2015, a Federal arrest warrant was executed for Plaintiff and a search of his home was conducted pursuant to [that] warrant.

7. [Defendant] did not participate in the search of Plaintiff's home or in Plaintiff's arrest.

8. At the time of the arrest and search of Plaintiff's home, [Defendant] was at the command post located at the Spalding County Sheriffs' Department in Griffin, GA. [He] had no supervisory responsibilities over the individuals [who executed the warrants] at Plaintiff's home.

9. After Plaintiff's arrest, he was transported to the command post by ambulance, and [Defendant] interviewed him while he was at the command post in the presence of a TFO [Task Force Officer] who physically pushed Plaintiff in a wheelchair to and from the holding area. [Defendant] had no contact with Plaintiff prior to this time.

10. [Defendant] had no physical contact with Plaintiff during his arrest and at no time did [he] use any physical force against Plaintiff.

11. Plaintiff was transported to Grady Memorial Hospital after his arrest.

4

[Defendant] did not transport Plaintiff to Grady after his arrest.

(Doc. 77-1 (citing Doc. 77-2, Decl. of Special Agent Allan McLeod ¶¶ 4, 6, 8-12)).

Plaintiff has not provided a paragraph by paragraph response to Defendant's statement of facts. Defendant argues, therefore, that this Court should deem his material facts admitted because Plaintiff "failed to respond to Defendant's Statement of Material Facts as required by Local Rule[] 56.1(B)(2)(a)(1)." (Doc. 86 at 2).

In his response to Defendant's motion for summary judgment, however, Plaintiff provides his own statement of facts:

1. ATF special agents arrested Plaintiff at his home, at approximately 5 a.m. on March 18, 2015 — jerking him out of his bed into his wheelchair, causing him "pain and problems" — and transported him by ambulance to "this big building" rather than taking him to a hospital, as he had requested.

2. Plaintiff arrived at the building at approximately 7 a.m., where he encountered Defendant, who also denied Plaintiff's request to be taken to a hospital.

3. At approximately 7:30 a.m., Defendant and two other ATF special agents pulled Plaintiff down three steps in his wheelchair and subjected him to a malicious beating. "This was [done] with excessive force in violation of the Eighth Amendment prohibition of cruel and unusual punishment."

4. At approximately 9:30 a.m., Defendant and one other agent placed Plaintiff in a "regular size car" for his transport to the federal courthouse.

5.-6. Plaintiff arrived at the courthouse at approximately 10:30 a.m. Defendant and three other agents arrived at approximately 11:30 a.m.

5

7.   Plaintiff was transported to Grady Hospital by ambulance at approximately 11:30 a.m.

(Doc. 81 at 2-3; *see* Doc. 12 at 4-5; Doc. 81-7, Aff. of Tony Goodman ¶¶ 4-6).

Defendant responds to each of these facts, except for paragraph 3, by stating: "Plaintiff's fact is not material to the extent the only remaining claims in this action [involve] Plaintiff's excessive force claim." (Doc. 87 ¶¶ 1-2, 4-7). In response to Plaintiff's paragraph 3, Defendant states: "Plaintiff's fact does not comply with the provisions set out in LR 56.1B inasmuch as the statement is stated as a legal conclusion." (*Id.* ¶ 3).

## IV.   Discussion

To prevail on a claim for relief against a state official, a plaintiff must establish that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Because Plaintiff has sued federal officials, he must proceed under the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But "[t]he effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against

6

state officials.  Thus, courts generally apply § 1983 law to *Bivens* cases." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (citation and internal quotations omitted); *see also Zargari v. United States*, 15-11630, 2016 U.S. App. LEXIS 17329, at *17 (11th Cir. Sept. 22, 2016) (same).

### A.   The Law of Excessive Force

If excessive force was used against Plaintiff, it is undisputed that it occurred after he was already in custody, as a pretrial detainee, not during his arrest.  (*See* Doc. 77-1 ¶ 9).

> The Supreme Court instructs that in deciding whether force deliberately used against a pretrial detainee is constitutionally excessive in violation of the Fourteenth Amendment, "the pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). A showing of the officer's state of mind or subjective awareness that the force was unreasonable is not required in this analysis. *See id.* at 2472-73. The objective-reasonableness determination must be made "from the perspective of a reasonable officer on the scene." Id. at 2473.

*Shuford v. Conway*, 16-12128, 2016 U.S. App. LEXIS 20717, at *10-11 (11th Cir. Nov. 18, 2016).

> In evaluating the use of force for objective reasonableness, the Supreme Court has told [courts] to consider "the facts and circumstances of [the] particular case." *Kingsley*, 135 S. Ct. at 2473 (quotation omitted). In doing so, [courts] examine "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury;

7

> any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

*Id.* at *11.

Courts conduct "a two-step inquiry to decide whether qualified immunity should be granted: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right; and (2) [i]f a constitutional right would have been violated under the plaintiff's version of the facts, [courts] must then determine whether the right was clearly established." *Id.* at *9-10 (internal quotations omitted); *see id.* at 11 ("when considering a qualified immunity defense at summary judgment, the evidence must be viewed in the light most favorable to the plaintiff[]").

> A plaintiff can show the constitutional right violated was clearly established in three different ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law. *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291-92 (11th Cir. 2009); *see also Hope v. Pelzer*, 536 U.S. 730, 743 (2002) (noting that the reasoning of this Circuit's holdings, even if a case did not involve the same precise facts, sends a sufficient message to reasonable officers in this Circuit for the purposes of the "clearly established analysis").

8

> [The Eleventh Circuit has] long made clear that "[] officials step over the line of constitutionally permissible conduct if they use more force than is reasonably necessary in an existing situation." *Ort v. White*, 813 F.2d 318, 325 (11th Cir. 1987). *Ort* also established that a constitutional violation occurs where "[] officers continue to employ force or other coercive measures after the necessity for such coercive action has ceased." *Id.* at 327.

*Id.* at *14-15; *see also Danley v. Allen*, 540 F.3d 1298, 1309 (11th Cir. 2008) ("When [officers] continue to use substantial force against a prisoner who has clearly stopped resisting — whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated — that use of force is excessive.").

## B.   Defendant's Motion for Summary Judgment

Defendant seeks summary judgment for himself and the two John Does, claiming the following:

> [He] lacked the requisite personal involvement in any alleged constitutional violations because he was not present during the arrest and did not personally participate in any of the actions alleged in Plaintiff's Complaint. Moreover, [he] is entitled to qualified immunity because he did not violate a constitutional right. Finally, to the extent the Plaintiff maintains this action against John Does 1 and 2, the case should be dismissed because this Court does not have jurisdiction over unnamed Defendants.

(Doc. 77-3 at 2-3). Defendant argues that Plaintiff, as a pretrial detainee, cannot maintain an action under the Eighth Amendment (*id.* at 4-5), nor can he maintain an

9

action under the Fourth Amendment because there is no evidence that Defendant was present at Plaintiff's arrest, exercised any supervisory authority over those who arrested Plaintiff or directed them to act in violation of Plaintiff's constitutional rights (*id.* at 5-8). Defendant argues also that he is entitled to qualified immunity because "he was not present at the time of Plaintiff's arrest nor did he supervise any of the Agents who apprehended Plaintiff and, therefore, could not have committed a constitutional violation." (*Id.* at 10). Finally, Defendant notes that "Plaintiff has failed to identify any of the John Doe defendants," who therefore should be dismissed from this action as well. (*Id.* at 11 (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."))).

### C.  Analysis

> [A] district court has "broad discretion" to "overlook [a nonmoving party's] noncompliance with Local Rule 56.1" and to look beyond the confines of a statement of undisputed facts on summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1270 (11th Cir. 2008). In fact, [in *Reese*, the Eleventh Circuit] favorably cited [a] sister circuit's holding — directly on point — that "while a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement." *Id.* at 1271 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)).

*Hampton v. Atzert*, 590 Fed. Appx. 942, 944 (11th Cir. 2014) (citation altered). The

10

only factual dispute here is whether Defendant used excessive force against Plaintiff after Plaintiff's March 18, 2015 arrest, or whether, at a minimum, Defendant countenanced the use of such force in his presence. *See Marantes v. Miami-Dade Cnty.*, 649 Fed. Appx. 665, 672 (11th Cir. 2016) ("[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." (internal quotations omitted)). Given the simple issues presented in this case, and the very limited record before the Court, no "assiduous review of the record" is required to ascertain whether there exists a genuine issue of material fact for trial. To the contrary, on this particular record, that is a straightforward and easily-made determination regardless of the parties' technical compliance with Local Rule 56.1. The Court therefore declines Defendant's request to deem his statement of material facts admitted under Local Rule 56.1.

Defendant uses the great bulk of his summary judgment motion and supporting documents to deny that he was involved in Plaintiff's arrest and to argue that he therefore cannot be liable based on the facts alleged in Plaintiff's complaint. But the sole issue here is what happened *after* Plaintiff's arrest, while he was in pretrial custody, during which time Plaintiff swears, as he has from the beginning, that

11

Defendant and two other ATF Special Agents "punched, kicked, kneed, choked and body slammed him maliciously and sadistically and without any provocation." (*See* Doc. 1 at 10; Doc. 87-7, Pl.'s Aff. ¶ 5). In response to this allegation, Defendant states only that he "had no physical contact with Plaintiff during his arrest," which, as noted, is irrelevant to the matter at hand, and that "at no time did [he] use any physical force against Plaintiff." (Doc. 77-1 ¶ 10). Defendant provides no support for this last statement, other than his own declaration. And Defendant does not deny that Plaintiff was beaten on March 18, 2015.

It is thus Defendant's sworn statements against Plaintiff's — the very type of swearing match that is not amenable to disposition on summary judgment. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("The contradiction [between plaintiff's non-conclusory, albeit self-serving, sworn statements and the police officers' assertions] presents a classic swearing match, which is the stuff of which jury trials are made."); *see id.* at 1253, 1254 (noting that plaintiff's "sworn statements are no more conclusory, self-serving, or unsubstantiated by objective evidence than the officers' assertions"; and affirming the district court's denial of summary judgment to the officers on qualified immunity grounds).

If Defendant used the amount of force Plaintiff has alleged, in the circumstances

12

Plaintiff has alleged — and the Court is constrained to accept Plaintiff's allegations as true for purposes of Defendant's summary judgment motion — Defendant is not entitled to qualified immunity from Plaintiff's excessive force claim. *See Shuford*, 2016 U.S. App. LEXIS 20717, at *15-16 (rejecting qualified immunity defense and reversing grant of summary judgment to defendants on pre-trial detainees' excessive force claims: "Plaintiffs' version of the facts applied to the principles from our long-standing precedent demonstrate a violation of clearly established law sufficient to pass the summary judgment stage.").

## V. Conclusion

Because there remains a genuine issue of material fact for trial, **IT IS RECOMMENDED** that Defendant Allan McLeod's Motion for Summary Judgment (Doc. 77) be **DENIED**; that his Motion to Stay Time to Answer the Complaint (Doc. 78) be **DENIED as moot**; that Plaintiff's construed motion for reconsideration of the undersigned's order granting Defendant an extension of time (Doc. 85) be **DENIED as moot**; and that Plaintiff's motion for appointment of counsel (Doc. 89) be **GRANTED**. **IT IS ALSO RECOMMENDED** that the John Doe Defendants, whom Plaintiff has yet to name, 19 months after filing his complaint, be **DISMISSED** from this action.

13

**SO RECOMMENDED** this 20th day of December, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE