# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TONY GOODMAN, | : | CIVIL ACTION NO. |
| BOP ID # 66708-019, | : | 1:15-CV-01724-TWT-JSA |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLAN McLEOD, Special Agent, | : | PRISONER CIVIL ACTION |
|    Defendant. | : | 28 U.S.C. § 1331 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On September 18, 2017, Defendant filed a suggestion of Plaintiff's death, stating that "Counsel for the Defendant were informed by the Bureau of Prisons that Plaintiff died on or about September 16, 2017." (Doc. 117). Defendant has now filed a Motion To Dismiss this action "[b]ecause Plaintiff's successor or representative did not make a motion for substitution within 90 days after service of the Suggestion of Death" (Doc. 121 at 1), which "Defendant personally served [on] Plaintiff's known next of kin . . . on October 4, 2017" (*id.*; *see* Doc. 119). This case, which has been administratively closed, is **RE-OPENED** to consider Defendant's January 4, 2018 motion.

Under FED. R. CIV. P. 25(a)(1), "Plaintiff's next of kin had 90 days, or until January 2, 2018, to file a motion for substitution in this case," but failed to do so.

(Doc. 121 at 1-2); *see Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 17-12280, 2017 U.S. App. LEXIS 26995, at *2 (11th Cir. Dec. 29, 2017) (Rule 25 "allows for substitution in the event that a party dies[, but] . . . '[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.' " (quoting Fed. R. Civ. P. 25(a)(1))).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion To Dismiss (Doc. 121) be **GRANTED** and that this action be **DISMISSED**.

**SO RECOMMENDED** this 29th day of January, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE